IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| FREDERICK W. BRYANT, | : | |
| | : | |
| Petitioner, | : | |
| | : | CASE NO. 4:10-CR-3-CDL |
| v. | : | 28 U.S.C. § 2255 |
| | : | CASE NO. 4:11-CV-90104 CDL |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

_____

### REPORT AND RECOMMENDATION

Petitioner Bryant was indicted in this Court on January 14, 2010, for malicious destruction of a building by fire in violation of 18 U.S.C. § 844(i). (Indictment 1, ECF No. 1). On May 20, 2010, Petitioner pled guilty to the offense charged in the indictment. (ECF No. 42.) Subsequent to the preparation of a Pre-Sentence Report (PSR), the Court sentenced Petitioner on October 29, 2010, to a term of 125 months of imprisonment, to be followed by three years of supervised release, and $1,873,478.89 in restitution. (ECF No. 56). Petitioner did not appeal his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit. On April 6, 2011, Petitioner filed a Motion for Sentence Modification, which was docketed in this Court as a Motion to Vacate pursuant to 28 U.S.C. § 2255. (ECF No. 62.) Following the withdrawal of a previously filed Report and Recommendation on Petitioner's motion, Petitioner was granted permission by the Court to file what has been deemed an amended petition pursuant to 28 U.S.C. § 2255 on September 16, 2011 (ECF No. 74), which will be the basis of this

Recommendation.

## DISCUSSION

A thorough review of Petitioner's amended § 2255 motion reveals three grounds for relief. Ground One appears to allege that the Court violated his constitutional rights by failing to order a pre-trial psychiatric evaluation under 18 U.S.C. § 4241. (Am. Pet. 5, ECF No. 74-1). Ground Two alleges ineffective assistance of counsel due to trial counsel's failure to request a psychiatric evaluation in his case. (*Id.* at 6.) Lastly, Ground Three alleges that Petitioner should have been given credit for the fourteen months he served after he was put on a detainer by the United States Marshal Service on April 28, 2010. (*Id.*)

## I.   Trial Court's Failure to Order Pre-trial Psychiatric Evaluation

Petitioner first argues that the trial court erred in not ordering a pre-trial psychiatric evaluation of him prior to accepting his guilty plea. (Am. Pet. 5.) In his amended § 2255 motion, Petitioner states that he recalls "informing investigators that 'Mr. Charcoal' shown in a tattoo on his left forearm told him to commit an act." (*Id.* at 4.) Petitioner further states that "now at this time, fully rehabilitated by medication he suffers no delusions as such, and is deeply regretful. However, at the time of the offense some psychosis clearly affected his reasoning and intent." (*Id.*)

The record in Petitioner's case reveals that at the time he entered his guilty plea, the Court found Petitioner to be fully competent and capable of entering an informed plea after questioning him regarding the same. (ECF No. 40.) The record, including letters

2

from Petitioner to the United States Attorney as well as Petitioner's objections to the Pre-Sentence Report, reveal no history of psychosis or even a reference to "Mr. Charcoal." (Resp't's Exs. 1-9; ECF NO. 80.)  In fact, in his correspondence with the Government, Petitioner accepts responsibility for his actions and acknowledging that he would not "fight the charge." (Resp't's Ex. 1.)  Thus, the record fails to establish any need for a mental evaluation in this case.

Furthermore, contrary to Petitioner's assertion in his amended petition (Am. Pet. 6), the Court's sentence, which included an order that Petitioner participate in a mental health program while in prison, does not constitute a finding that the Court determined Petitioner to have any psychological impairment.  Thus, the Court did not err in failing to order a psychological examination of Petitioner prior to accepting his guilty plea.

## II.     Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a movant bears the burden of establishing by a preponderance of the evidence that his attorney's performance was deficient and that he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000). However, "[a] court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter,* ––– U.S. –––, 131 S.Ct. 770, 787 (2011) (quoting *Strickland,* 466 U.S. at 688 (1984)).

To establish deficient performance, a defendant must prove that his counsel's

performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. There is a strong presumption that the challenged action constituted sound trial strategy. *Chatelain v. Singletary*, 89 F.3d 749 (11th Cir. 1996). In order to show that counsel's performance was unreasonable, a petitioner must show that no competent counsel would have taken the action in question. *Van Poyck v. Florida Department of Corrections*, 290 F.3d 1318 (11th Cir. 2002). To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the proceedings would have been different. *Mills v. Singletary*, 63 F.3d 999 (11th Cir. 1995); and *Meeks v. Moore*, 216 F.3d 951 (11th Cir. 2000). If a defendant fails to establish that he suffered prejudice as a consequence of the alleged ineffective assistance, a court need not address the performance prong of the *Strickland* test. *Holiday v. Haley*, 209 F.3d 1243 (11th Cir. 2000).

In Ground Two, Petitioner argues that his trial counsel was ineffective for failing or file a motion for a psychological evaluation of Petitioner. (Am. Pet. 5.) However, no suggestion is made by Petitioner that his mental condition impaired his ability to enter into a knowing and voluntary guilty plea. Petitioner does not allege that he manifested any outward sign of mental illness that would have been apparent to his trial counsel. Thus, the Petitioner has tacitly admitted that he was psychologically well enough to be held responsible for the crime for which he was charged, to comprehend the proceedings, and to assist his counsel.

Furthermore, there is no evidence that counsel would have had any reason to suspect that Petitioner had a mental illness. The first reference to any mental incapacity came in Petitioner's amended § 2255 petition. Although Petitioner contends that he told his counsel "about his comments to a psychologist at Rodgers State Prison in Georgia that [the] 'Mr. Charcoal' [tattoo] told him to start the inferno," there is no evidence in the record to establish that he actually did so. Nor is there evidence in the record that had he told his counsel about "Mr. Charcoal" a psychological evaluation would even have been warranted at that point. Most telling is Petitioner's original motion for sentence modification (ECF No. 62) which stated that "Petitioner has accepted full responsibility for his actions. The Petitioner is remorseful for his actions. The Petitioner apologizes (sic) to the United States of America for his actions." (ECF No. 62.) Thus, Petitioner's claim that his counsel provided ineffective assistance of counsel by failing to request a mental health evaluation is wholly without merit.

### III.  Credit for Time Served

Lastly, Petitioner argues that once he was in custody within the jurisdiction of this Court, all of the time he served counted for sentence calculation. (Am. Pet. 7.) Petitioner contends that the U.S. Bureau of Prisons refuses to count the time this Court ordered, "alleging it is double counting state custody." (*Id.*) Petitioner thus argues that he is entitled to credit for the time he served beginning on April 28, 2010, when he was detained by the U.S. Marshals. (*Id.*)

The record reveals that Petitioner was incarcerated by the Georgia Department of

Corrections when a detainer was lodged against him by the United States District Court for the Middle District of Georgia in this case. (Detainer, ECF No. 9.) The Government's Motion for Writ of Habeas Corpus ad prosequendum was thereafter granted on March 23, 2010, and Petitioner was arrested by the U.S. Marshal Service on April 28, 2010. (ECF Nos. 27, 35.)

18 U.S.C. § 3585(b) states that:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

Therefore, Petitioner should get credit on his federal conviction for the amount of time he served beginning the day he was brought into federal custody, in this case, April 28, 2010. Because Petitioner is already being given credit for the time he has served in federal custody, Ground Three is moot.

## IV.    Pending Motions

Currently pending in this case are Petitioner's Motion for Sentence Modification which was docketed as a motion to vacate under 28 U.S.C. § 2255 (ECF No. 62), Motion for Credit for Time Served (ECF No. 63), and Motion for a Production Order, wherein he seeks to be transferred from a state correctional facility to a federal facility. (ECF No. 64.)

For the foregoing reasons, it is recommended that Petitioner's motions for sentence modification and credit for time served be denied as moot.  As to his motion for a production order, wherein he seeks to be transferred to federal prison, the record reflects that Petitioner was paroled by the Georgia Department of Corrections on June 26, 2011, and is now serving the current federal sentence.  As such, it is recommended that his motion to be transferred to federal prison also be denied as moot.

## V.     Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Title 28, United States Code, Section 2253(c) provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from —
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of a process issued by a State court: or
>     (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under ¶ (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under ¶ (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Bryant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED and that the pending motions also be DENIED.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner

and/or the Government may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 24th day of October, 2012.

        **S/ STEPHEN HYLES**
        **UNITED STATES MAGISTRATE JUDGE**